UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM STERLING,<br><br>   Petitioner,<br><br>v.<br><br>STEVE HAMMER,<br><br>   Defendant. | Case No. 15-cv-3983 (ADM/LIB)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2]; Motion for an Order to P.r.e.a., [Docket No. 3]; Motion to Go by Christine Taylor, [Docket No. 6]; and Motion for a Pizza Party, [Docket No. 7].

Plaintiff Adam Lee Sterling, a prisoner, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. He did not pay a filing fee, but instead filed an application for leave to proceed *in forma pauperis* ("IFP"). Docket No. 2. Upon screening, the Court recommends that Sterling's IFP application and complaint be dismissed for failure to state a claim.

An IFP application will be denied and the complaint dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the

factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Because Sterling is a prisoner, his complaint is subject to 28 U.S.C. § 1915A, which provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(A)(b)(1).

Sterling's Complaint, [Docket No. 1], alleges no facts.  All he says in his statement of claim is "p.r.e.A.."  Complaint, [Docket No. 1] at 4.  Sterling therefore fails to allege sufficient facts to support a claim. Accordingly, the Court recommends that Sterling's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED** and this matter be summarily dismissed.

Sterling has also filed a Motion for an Order to P.r.e.A, [Docket No. 3]; a Motion to change his name to Christine Taylor, [Docket No. 6]; and a Motion for a pizza party, [Docket No. 7]. Because the Court recommends that this matter be dismissed, the Court recommends that those motions be **DENIED** as moot.

# RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Plaintiff Adam Sterling's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED**;

2. That Sterling's Complaint be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A.

3. That Sterling's Motions for an "order to P.r.e.A", [Docket No. 3] be **DENIED** as moot;

4. That Sterling's Motions to change his name to Christine Taylor, [Docket No. 6], be **DENIED** as moot; and,

5. That Sterling's Motion for a "pizza party", [Docket No. 7] be **DENIED** as moot.


Dated:  November 18, 2015                         s/Leo I. Brisbois
                                                  LEO I. BRISBOIS
                                                  United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.